*John Ritter, for appellants.*

---

FRANCES BROWN *v.* J. P. BRISTOW, ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—599.]

**Purchase of Land by Agent.**

When one buys land in his own name at commissioner's sale, as
agent for another, upon showing such agency, the principal may
force the deed to be executed to her.

**Agency—Agent's Efforts to Prevent Confirmation of Sale.**

Where the purchaser of land at a commissioner's sale is satisfied
with her title, an agent who has bought the land for her can not
defeat the sale by showing irregularity in the proceedings.

APPEAL FROM HANCOCK CIRCUIT COURT.

January 30, 1886.

OPINION BY JUDGE HOLT:

If the appellant is willing to accept whatever right passed by the
commissioner's sale of the remainder interest of C. L. Brown, de-
ceased, in the two hundred acres of land described in the plead-
ings of this case, and she is in fact entitled to it, then the appellees,
who claim to have purchased it for themselves and not for her,
can not defeat her claim to it by reason of any irreguilarties or

defects in the proceedings which led to the sale. They are not in a position to rely upon them; and the only question presented is whether the appellees bid in the land under a contract with her that the deed was to be made to her, and whether she in fact paid for it, or whether they bought it in the absence of such a contract and for themselves.

It was bid in by the appellee, Bristow, and the appellant, who was not present at the sale, signed the sale bond as his and Ewan's surety. They were her sons-in-law and the one last named was then residing with her. She testifies that the bond was thus executed because her sons-in-law would have been accepted as security by reason of their financial condition, while there was no objection to her solvency; and to save the trouble of finding security out of the family it was agreed that they were to bid in the property, she becoming surety for its price, and that when it was paid by her the deed was to be made to her. In this statement she is not only strongly confirmed by the testimony of several witnesses, among whom are the commissioner, who made the sale, and the attorney, who was acting for the judgment creditor; but even the evidence of the appellee, Bristow, is confirmatory of it. He says, "I told her that they might not take me or Ewan on the bond, but I knew they would take her."

The sale was confirmed on November 8, 1880; and on May 11, 1881, an order was made suggesting that the purchase-money had been paid by Bristow and ordering a deed to be made to the purchaser. The appellant first learned of this order on or near May 6, 1882, and she then filed her petition in the suit in which the decree to sell had been rendered, alleging substantially the matters above recited. Her own testimony is direct and plain. She tells how and from whom she secured the money to pay the bond, and that she gave it to Ewan, who was then residing with her, for this purpose; and it appears he did pay off the bond. She is sustained by the testimony of her son, whose credibility is attacked by some witnesses but sustained by others. The mother and son are contradicted by the two sons-in-law, but it is noticeable that neither of them state where or when the bond was paid, or where they obtained the money to pay it. The appellee, Ewan, does show that he collected $25 from the sale of some corn shortly before the maturity of the bond, but it also appears that the appellant was the

owner of one-third of the corn. Both of the appellees testify that the appellant told them to buy the land and that then their wives would get it.

This statement is obviously somewhat singular; but we will leave out of view the testimony of appellees upon the one side, and the appellant and her son on the other side, and see what is left in the case. The appellant is now over 71 years of age. It appears that the appellee, Bristow, usually attended to her business; and he appears to have been the active party in purchasing the land. Two if not three witnesses testify that he told them, subsequent to the sale, that he had bid the land in for the appellant, and that she had paid for it; while the attorney for the judgment creditor, and the commissioner who sold the land, testify that they understood at the time of the purchase that it was being made for the appellant, and the attorney says in substance that the appellee, Bristow, so told him.

In our opinion the evidence authorizes the conclusion that the appellant paid the sale bond, and is entitled to a judgment directing the deed to be made to her; and the judgment is reversed with directions to render a judgment in conformity to this opinion.

Judgment *reversed.*

*Williams & Powers, for appellant.*

*Miller & Morrison, M. A. Mason, for appellees.*

[Cited, *Noel v. Fitzpatrick,* 124 Ky. 793, 100 S. W. 321.]