## Likens v. Pate, etc.

(Decided October 16, 1914.)

### Appeal from Ohio Circuit Court.

1. **Land—When Execution Sale of Passes no Title—An** execution sale of land encumbered by a purchase money lien as shown by the recorded deed in the county clerk's office, passes no title to the purchaser, although the plaintiffs had brought a suit to foreclose their lien, and in that suit had recovered judgment under which the land had been sold and been purchased by the plaintiffs, but no deed had been made to them.

2. **Land—Appraisement—What Constitutes Failure to Appraise.—** When the sheriff levied upon one tract of land and the appraisers appraised a different tract, as shown by the description given by the appraisers, there is a failure to appraise the land sold.

3. **Deeds—When Commissioner's Deed Invalid.—**A deed executed by the Commissioner and approved by the court after the case has gone off the docket is invalid, unless the case has been restored to the docket upon notice, and that proper notice was given will be presumed, nothing appearing to show the contrary.

4. **Deeds—Commissioner's Deed—Delay in Making—A** delay of twenty years to make a deed, after the sale has been confirmed, and the Commissioner ordered to make it does not prevent the deed being made.

5. **Land—Court Should Not Submit to Jury Legal Question Who Owned Land.—**The court should not submit to the jury the legal question, who owned the land, but should determine the law of the case himself. An instruction to this effect, however, is not prejudicial to the party who had no title.

6. **Deeds—When Clerical Error Will Not Render Deed Invalid.—**A clerical error apparent on the face of the deed when read in con-

nection with the record by which it was made, does not affect its validity.

7. Judgment—Failure of Heirs to Join in Suit.—When two of the heirs refused to join in a suit, no judgment should be rendered for their interest.

8. Action—Revival.—No revivor is necessary although one of the parties dies after the sale has been confirmed and the deed ordered to be made.

9. Deeds—Deed to One Dead Passes Title to Heirs.—A deed to a person who is dead passes the title to his heirs as though made to them by name.

10. Action—Statutes.—Section 2358a Ky. Statutes has no application to suits brought before its enactment.

GLENN & SIMMERMAN and M. M. LOGAN for appellant.

BARNES & SMITH for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing.

On April 30, 1877, E. C. Hoover & Company brought suit in the Ohio Circuit Court against John I. Felix on three notes, each for $100, executed for the price of a tract of land conveyed to him by Frank M. Heavrin, the deed showing a lien for the payment of the notes, and being duly recorded. In that action on November 25, 1879, a judgment was entered upon the notes adjudging them a lien on the land and directing its sale. The sale was made on November 22, 1880; the land was appraised at $400, and the plaintiffs bought it for $325. At the next term of the court, the sale was reported to the court and no exceptions to it having been filed, the following order was entered on December 4, 1880:

"It is ordered that the report of sale of land filed herein be confirmed, and on motion of plaintiff the Master Commissioner, E. R. Murrell, is ordered to sell the Equity of Redemption of the said land in the same manner, and on the same terms as directed in the judgment heretofore ordering a sale of said land."

So much of this order as refers to the equity of redemption was evidently entered by mistake, as the land had sold for more than two-thirds of its value, and there was no equity of redemption. No other orders entered in the case are shown by the record before us until November 23, 1903. But by consent of parties the original papers of the action have been brought up on the appeal and the Step paper shows these entries:

"1881. May—Writ of possession ordered—Order to convey and stricken off.

"Sept. 23. Writ of possession issued.

"1886. March 26—Execution issued."

On November 23, 1903, the following order was entered:

"On motion of plaintiff this action is restored to the docket, and the Master Commissioner is ordered to make deed of conveyance to F. M. Hoover, E. C. Hoover and L. G. Hoover.

"Whereupon, Rowan Holbrook, Master Commissioner, of this court, tendered and acknowledged deed of conveyance to F. M. Hoover, E. C. Hoover and L. G. Hoover, which deed was examined and approved by the court, and ordered to be certified to the proper office for record, and said Commissioner is allowed $1.50 for making said deed."

The deed referred to was duly recorded, but no deed had been executed to the plaintiffs up to this time.

The proof shows that after the sale was confirmed, the purchasers with the consent of Felix took possession of the land, had it surveyed and sold it to another person. Felix moved from this tract of land, which lay on the north side of the road, to another which he owned on the south side of the road. The purchaser from the plaintiffs was unable to pay for the land, and surrendered it to them during the year, paying them a part of the corn crop for the use of the land. A year or two after this they rented the land to a lady who taught school on it a while, but after this, the house having burned down, they did not rent it out but continued to pay taxes on it without doing anything with it.

In the year 1883, A. T. Nall, who had recovered several small judgments against John I. Felix, had executions issued on them from the circuit court, and had these executions levied by the sheriff on the tract of land above referred to on the north side of the road, which had been sold and been purchased by the plaintiffs in the equity action above referred to.

The sheriff had the land appraised before the sale; but the appraisers, as is shown by their appraisement, appraised the tract of land on the south side of the road on which Felix was then living. At the sheriff's sale of the land, Nall became the purchaser for less than two-thirds of its appraised value. From time to time pay-

ments were made to Nall on his debt. No deed was executed to him by the sheriff, but on July 6, 1894, Nall conveyed the land to Barnard Felix, a son of John I. Felix. On October 11, 1897, Barnard Felix conveyed it to his father, John I. Felix. John I. Felix died about the year 1902, and on January 24, 1903, in a settlement of John I. Felix's estate between his children, this tract of land was conveyed to two of them, who afterwards conveyed it to the appellant G. B. Likens. Likens went upon the land and was cutting some timber upon it when Hoover, etc., brought this suit against him to recover the land, and damages for the trespass. As a defense he denied the title of the plaintiffs to the land, set up title in those under whom he claimed, pleading that John I. Felix and those under whom he claimed had been in adverse possession of the land for more than fifteen years, and were in such possession when the plaintiffs' deed was executed and that it was champertous. On a final hearing of the case, the jury to whom it was submitted returned a verdict in favor of the plaintiffs. The defendant appeals.

The first question to be determined is the ownership of the land. Nall got no title under his execution purchase; for when he levied his execution upon the land, the recorded deed in the county clerk's office showed that it was encumbered by a lien for the purchase money, and while encumbered property may be levied on under an execution, the purchaser only acquires a lien subject to the encumbrance. While Hoover & Company had purchased the property at the judicial sale, and their sale had been confirmed, no deed had been made to them. Still they had the older equity. It is also apparent that the land was sold without any appraisement at the execution sale; for to appraise one tract of land and sell another tract, is not to appraise the tract that is sold. The appraisers described in the appraisement the tract they appraised, and this description shows it was not the tract that was sold. (Smith v. Mason, 15 R., 718; Freeman on Executions, Sec. 284.)

The question of adverse possession was fairly submitted to the jury and under all the evidence we see no reason for disturbing the conclusion of the jury in favor of the plaintiffs on this matter.

Section 398 of the Civil Code provides:

"A conveyance by a Commissioner shall not pass any right, until it has been examined and approved by the court, which approval shall be indorsed on the conveyance, and recorded with it."

Although the sale to Hoover & Company had been confirmed by the court, and although there had been a writ of possession awarded them, and an order to convey had been made, still it was necessary that a conveyance should be made to them in order to vest in them the legal title. When at the May term 1881, the case was stricken from the docket, the parties were out of court, and no further order could be made in the case without notice to them. The approval of a deed by the court is a judicial act, and to be valid the court must have jurisdiction of the parties. But the record before us does not show that notice was not given when the order of November 23, 1903, was made. The defendant did not plead this, and there is nothing in the record to overcome the presumption that everything was properly done by the court. The mere fact that the Commissioner delayed twenty years to make the deed after he had been ordered to do so, did not affect the plaintiffs' rights. The making of the deed was simply a step in that action. Limitation did not run against the plaintiffs, and the deed might be executed by the Commissioner and approved by the court in that action at any time when the parties were before the court.

It is true the circuit court erred in submitting to the jury the question who owned the land. This was a legal question, which the court should have determined himself, but as he should have determined from the evidence that the plaintiffs owned the land, the defendant was not prejudiced by this.

By a clerical error in drawing the deed, the Commissioner inserted the name of John I. Felix as one of the parties grantor and also as one of the grantees; but this clerical error is apparent on the face of the instrument, and when the deed is read in connection with the record in which it was made, the meaning is plain.

But the court erred in entering judgment in favor of the plaintiffs for the whole tract of land. Two of the heirs of one of the dead owners declined to join in the suit, and there should have been no judgment for their interest in the land.

Section 521 Kentucky Statutes provides:

"If, by the judgment of any court of this Commonwealth, having jurisdiction thereof, real estate shall be sold, and any party to the action shall die, after the sale hath been confirmed, or if any conveyance of real estate shall be ordered by such court to be made by a commissioner, and a party to the proceedings die before the conveyance is perfected, it shall not be necessary on that account to revive the action; but such sale or conveyance, when perfected, shall be effectual to pass title to the same extent as if all the parties were living."

Although John I. Felix was dead when the order of November 23, 1903, was made, no revivor against his heirs was necessary under the statute. Section 2063 Kentucky Statutes also provides:

"When a patent is issued or shall issue, or a deed shall be made to a person who is dead at the issuing of the patent or the making of the deed, the heirs of such patentee or vendee shall take, hold and enjoy the title to the estate so patented or conveyed as if such patent had issued or deed had been made to such heirs by name."

E. C. Hoover was dead on November 23, 1903, when the deed was made; but under the statute his heirs take as though the deed had been made to them by name.

Section 2358a Kentucky Statutes has no application to an action brought before that statute was passed. Its language is:

"That no action, cross-action, counter-claim, or other proceeding whatever (save actions for forcible detainer or forcible entry or detainer) hereafter commenced or filed," etc.

The action of Hoover and Company against John I. Felix was brought and a final judgment rendered in it about fifteen years before this statute was passed, and by its terms it only applies to actions "hereafter commenced or filed." Parks v. McReynolds, 111 Ky., 651, went off on another ground. The question whether the statute applied to suits brought before it was passed was not before the court there and what is said on this subject is disapproved.

We find no error in the judgment except that indicated; the plaintiffs should only have recovered their interest in the land and the damages.

Judgment reversed and cause remanded for a judgment as above indicated.