## Osborn, et al. v. Thomasson, Trustee, et al.

(Decided April 18, 1922.)

### Appeal from Scott Circuit Court.

1. Appeal and Error—Instructions.—An instruction to the jury submitting the legal question of ownership of personal property is erroneous.

2. Appeal and Error—Instructions.—An instruction which tells the jury to find for the plaintiff if it believes from the evidence that the automobile in controversy was the property of O, submits to the jury a legal question and is therefore erroneous.

LEWELLYN F. SINCLAIR for appellants.

BRADLEY & BRADLEY for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

In November, 1919, appellant, Ben Miller Osborn, was duly adjudged a bankrupt, and appellee, F. M. Thomasson, was appointed trustee of the estate of the bankrupt. This action was commenced by Thomasson, as trustee, against Ben Miller Osborn and his wife, Annie Laura Osborn, in the Scott circuit court to obtain possession of a certain Hudson automobile alleged to be the property of the bankrupt and of the value of $2,000.00, then in the possession of the two Osborns. Appellant, Annie Laura Osborn, filed answer by which she denied the right of the trustee to the automobile; denied that Ben Miller Osborn was the owner of the said machine, and affirmatively averred that she was the owner thereof and that her husband, Ben Miller Osborn, had no interest therein. No reply was filed, nor were the affirmative averments of the answer traversed of record so far as the transcript shows.

On the trial the trustee, as plaintiff, introduced evidence proving that in 1918 Ben Miller Osborn became the owner of the Hudson car in controversy by purchase from a certain dealer in Georgetown, paying an old Oakland automobile and his personal check for $1,450.00 for the new car; later, by filing his affidavit showing himself to be the owner of the Hudson automobile, a license was issued to Ben Miller Osborn to operate said car, and he obtained of an insurance company a policy of insurance on the said car in the name of Ben Miller Osborn, as owner. For the defendant, Annie Laura Osborn, it was testified that she entered into an arrangement with her husband about the time the automobile was purchased whereby she was to give him credit for $500.00 cash she had loaned to him and was to pay him $1,000.00, which she was to and did later receive from the estate of her grandmother, and the car was to be the property of the wife, Annie Laura Osborn; that said sums were to be paid by the wife to the husband for the said machine, and the said machine was to and did become the property of the wife; that the husband had been operating and using the said car but she had kept it at her home where they both lived. A witness named Jones, testifying for the defendant, stated in substance that on one occasion, about the time of the purchase of the automobile, he was present when a conversation took place between Ben Miller Osborn and his wife, Annie Laura Osborn, in which she said to her husband that she would give him certain money coming from her grandmother's estate for the automobile, but the wit-

ness was unable to say whether the said arrangement between the Osborns was afterwards perfected.

The court instructed the jury as follows: "If the jury believe from the evidence that the automobile in controversy was the property of Ben Miller Osborn, they ought to find for the plaintiff, F. M. Thomasson, trustee; and unless they so believe they ought to find for the plaintiff, Mrs. Osborn."

This was the only instruction given by the court to the jury. The jury, after deliberation, returned a verdict for the plaintiff, Thomasson, trustee, and the Osborns have prosecuted this appeal.

Appellants insist that the judgment should be reversed for two reasons: (1) the verdict is not sustained by sufficient evidence; (2) the court erroneously submitted the legal question of ownership of the automobile to the jury.

(1) The evidence strongly conduces to prove that Ben Miller Osborn bought and paid for the new Hudson car with his own means and he was the owner of that car at the time of the bringing of this action, unless the title thereto had passed to appellant, Annie Laura Osborn, under an arrangement by which she purchased same from her husband. Osborn bought the car and in payment gave his old Oakland car in which his wife claimed no interest, and also his individual check on a Georgetown bank for $1,450.00; he took out the license in his own name and made affidavit that he was the owner of the car and he also obtained insurance on the car in the name of Ben Miller Osborn. These facts are amply sufficient to support the verdict of the jury.

(2) The trial court should not have submitted the legal question of ownership of the car to the jury, whose province was the trial of facts only, but this is what the court did by the instruction copied above. True, the principal question involved in the lawsuit was, who owned the Hudson automobile? But ownership is a mixed question of law and fact. McArthur v. City of Dayton, 19 R. 882; Boreing v. Hurst, 20 R. 184; Likens v. Pate, etc., 160 Ky. 319; Hobson on Instructions, section 6.

The court should have instructed the jury in substance to find a verdict for the plaintiff Thomasson, trustee, unless it believed from the evidence that the defendant, Annie Laura Osborn, at or about the time of the purchase of the Hudson car entered into a good faith arrangement, or contract, with her husband, Ben Miller

Osborn, whereby she was to and did cancel an indebtedness of $500.00 due her from her husband, and agreed to and did thereafter pay to her husband the $1,000.00 obtained from the estate of her grandmother, for which she was to and did receive as her property the said Hudson automobile, and thereafter held and claimed said automobile as her property, in which event the verdict should be for the defendant, Annie Laura Osborn.

As the defendant, Annie Laura Osborn, offered but one defense—the purchase of and payment for the automobile—and on the trial offered an instruction presenting that defense to the jury, and in a measure stating to the jury what constituted ownership of the car, the trial court should have concisely told the jury what constituted ownership of the automobile, or told the jury that if it believed that she entered into an arrangement with her husband by which she was to have the automobile upon her making the payments stated by her in the evidence, and that she thereafter made the payment and cancelled the indebtedness due her from her husband, and the car was, pursuant to said arrangement, delivered to and passed under her control, the jury should find for the defendant, Annie Laura Osborn.

For the reasons indicated the judgment is reversed for proceedings consistent with this opinion.

Judgment reversed.