## ADAMS v. ROSS.

Court of Appeals of Kentucky.
May 1, 1951.

234

Luker & Tooms, London, for appellant.

Fritz Krueger, Somerset, for appellee.

MILLIKEN, Justice.

This is an action brought under the Declaratory Judgment Act, Section 639a–1 et seq., Civil Code of Practice. The facts were stipulated as follows:

"For the purpose of eliminating the necessity of hearing proof in this cause, it is hereby stipulated and agreed by and between the parties and their counsel that the defendant, Herman Adams, was present at the time and knew that the tract of land in controversy as described in the description of Tract #12 had been 'knocked off to C. I. Ross' at the time the defendant (Adams) purchased or became the successful bidder on Parcel 3 of Tract #15. However, it is further agreed by and between the parties that the defendant, Herman Adams, did not know the tract described as Tract #12, was the same tract or parcel of land described as Parcel 3 of Tract 15 at the time the defendant (Adams) became the successful bidder of the latter tract.

"It is further stipulated that the defendant, Herman Adams, paid for and received his deed to Parcel 3 of Tract 15 without knowledge that Tract 12 purchased by C. I. Ross was the same tract or parcel as Parcel 3 of Tract #15, and that the defendant (Adams) actually paid for and received his deed to Parcel 3 of Tract #15 prior to receiving such information, and without knowledge that there was any duplication in the sale which had been made by the Commissioner in that the Commissioner had sold the same tract of land to both the plaintiff, C. I. Ross, and the defendant, Herman Adams, under a different description in each instance.

"The Commissioner's deed to the defendant, Herman Adams, was acknowledged and approved on May 20, 1949, and was duly re-corded on December 21, 1949, in the office of the Clerk of the Pulaski County Court.

"It is further stipulated that the plaintiff, C. I. Ross, received his deed by order of Court on the 24th day of February, 1950, and that prior thereto the plaintiff, C. I. Ross, had been informed that Tract #12 as described in the pleadings was the same tract of land as Parcel 3 of Tract #15.

"Is is further stipulated that no exceptions for sale were filed to either sale involved in this action."

Without stating the reason for the judgment the trial court found that appellee, plaintiff below, C. I. Ross, was the owner of the tract and that the appellant, defendant below, Herman Adams, to whom an actual conveyance was first made, did not acquire a clear legal title thereby. We infer the basis for the chancellor's judgment was the fact that the bid was first received on the property from the plaintiff below, Ross.

█ It is stated in 50 C.J.S., Judicial Sales, § 39(c): "The purchaser at a judicial sale does not acquire the legal title until the deed is executed and delivered to him." As stated in Overstreet v. Grinstead's Adm'r, 283 Ky. 73, 75, 140 S.W.2d 836, 839, a 1940 case: "It is well settled that a purchaser at a decretal sale acquires certain vested rights but receives no legal title until a conveyance is made by the court in accordance with the provisions of the Code. Sections 394, 396, 397, 398, Civil Code of Practice; Goodin v. Wilson, 114 Ky. 716, 71 S.W. 866, 24 Ky.Law Rep. 1521; Likens v. Pate, 160 Ky. 319, 169 S.W. 734; Smith v. National Union Fire Insurance Company, 239 Ky. 106, 39 S.W.2d 189; Johnson v. Baker, 246 Ky. 604, 55 S.W.2d 404."

█ In the case at bar, the intended sales to both parties to the litigation have been confirmed by the chancellor. The appellant (Adams) paid cash for the property and received the deed before learning of the mistake, but the appellee (Ross) made tender and received his deed after learning of the mistake and after the actual conveyance to Adams and its recordation. If we should concede for the sake of argument that Ross had a prior equity, we

nevertheless must conclude from the stipulation that the holder of the supposedly later equity, Adams, was a good faith purchaser for value without notice and the holder of the earlier equity, Ross, was not a good faith purchaser for value without notice. 55 Am.Jur., Vendor and Purchaser, Section 679, page 1062.

Therefore, the judgment of the chancellor is reversed for the entry of a judgment in conformity herewith.