CASE 81—ACTION BY MARY J. GOODIN AGAINST JOHN H. WILSON
TO ENFORCE A LIEN ON LAND ON WHICH EXECUTION HAD BEEN
LEVIED, BUT TO WHICH THE OWNER HAD ONLY AN EQUITABLE TI-
TLE.—FEB. 4.

# Goodin v. Wilson.

APPEAL FROM KNOX CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.   AFFIRMED.

EXECUTION LEVY—TITLE UNDER SALE BY COMMISSIONER AFTER CON-
FIRMATION, BEFORE DEED MADE.

Held:   1. Under Civ. Code Prac. sections 394, 397, 399, 494, pro-
viding that the court may appoint a commissioner to execute its
judgments, and cause title to be conveyed by him by convey-
ance, approved by the court, on a sale under a judgment, and
that such conveyance shall convey to the grantee the title of the
parties to the action, and Kentucky Statutes, sections 1681,
1709, providing that lands to which the defendant has a legal
title may be sold on execution, the interest acquired by a pur-
chase of land at a commissioner's sale, before a commissioner's
deed is executed, is not subject to sale under execution.

JOHN T. HAYS, FOR APPELLANT.

The contention of counsel for appellant is that where an ex-
ecution debtor has purchased a tract of land at commission-
er's sale and said sale has been reported to court and confirm-
ed by the court, that the title to the land thereby vests in the
purchaser to such an extent that it is subject to a levy of an ex-
ecution thereon against such purchaser, and that by the levy
of such execution the execution creditor thereby acquires a lien
on the land which a court of equity should enforce in an equita-
ble action therefor.

AUTHORITIES CITED.

Ball, &c. v. First Nat. Bank Covington, 80 Ky., 502; Hughes
v. Swope, 88 Ky., 257; Robertson v. Robertson, 14 Ky. Law
Rep., 505; Kentucky Statutes, 1681.

JOHN H. WILSON AND HAZELRIGG & CHENAULT, FOR APPEL-
LEE.

Appellant admits that the sale of the appellee's interest in
the land acquired by reason of his purchase at commissioner's

sale and the confirmation of such sale, could not be sold under the levy of an execution thereon, but now comes into court and attempts to do *indirectly* what is admitted could not be done *directly*. In other words it is admitted that a sale of the land can not be made under the levy, yet it is contended that the levy gives a lien which is enforceable by the courts.

The appellee contends that as no levy upon landed interests can be made without statutory authority, therefore no lien can be acquired under a levy not authorized by statute, and further, that there is no statute authorizing a levy on land to which the execution defendant has no legal title and that the confirmation of a sale made by a commissioner does not invest the purchaser with the legal title.

## AUTHORITIES CITED.

Sec. 1681, Kentucky Statutes; Newsom v. Kurtz, 86 Ky., 277; Whitaker v. Cornett, 14 Ky. Law Rep., 871; 17 A. & E., 1029.

OPINION OF THE COURT BY JUDGE BARKER—AFFIRMING.

Appellant, Mary J. Goodin, obtained a money judgment against appellee, J. H. Wilson, in the Knox circuit court, upon which she caused to be issued an execution, which was placed in the hands of the sheriff of Knox county for the purpose of enforcing satisfaction of her demand. The sheriff attempted to levy said execution upon a tract of land, described by metes and bounds in his return on the writ, as the property of appellee. This execution was returned by the sheriff without further action than the indorsement of the levy, whereupon the appellant, for the purpose of enforcing her supposed lien, instituted this action in the Knox circuit court, setting up her judgment, the execution thereon, and the levy of the officer upon said land, and reciting the fact that appellee's title to the land in question was obtained by a purchase at decretal sale in the case of Tinsley v. Tinsley, in the Knox circuit court; that appellee had purchased said land for the sum of $2,000, for which he had executed bonds payable to the commissioner of said court, one W. F. Westerfield, who was made a party

defendant to the action, and called upon to set up and enforce his lien for the unpaid part of the purchase money, which appellant alleges she was advised amounted to about $400.

The petition recites the further fact that while appellee's bid had been accepted, and the sale to him confirmed by the court, no deed had ever been executed or delivered to him for the land in question. An entirely immaterial amended petition was filed by appellant, whereupon a general demurrer was filed by appellee, J. H. Wilson, to the petition as amended, which was sustained by the court; and, appellant declining to plead further, her petition was dismissed, and she has appealed to this court.

The question for adjudication on this appeal is whether or not the land in question, under the foregoing statement of facts, was subject to levy and sale under an execution. Land is subject to levy under execution in Kentucky only when the execution defendant holds the legal title thereto. A mere equitable title of a debtor can not be thus subjected to the satisfaction of a creditor's claim. Sections 1681, 1709, Kentucky Statutes; Newsom v. Kurtz, 86 Ky., 277 (9 R., 587) 5 S. W., 575; Whitaker v. Cornett (14 R., 871) (21 S. W., 645). It becomes, therefore, necessary to ascertain whether or not, under the allegations of the petition in this case, the debtor, Wilson, had a legal or mere equitable title in the land alleged to have been purchased by him at a judicial sale; his purchase having been confirmed by order of the court, and himself put in possession of the land in question, but for which there had not been executed and delivered to him a commissioner's deed. In other words, does a purchaser at a judicial sale obtain a legal title by the order of confirmation of the court, or by the execution and delivery of the commissioner's deed in pursuance of the

Goodin v. Wilson.

order of the court?   We have been referred to several cases
decided by this court in which the opinions contain lan-
guage which, from a superficial examination, would seem to
hold that the legal title passes to a purchaser at judicial
sale by the order of confirmation.   These cases are Talia-
ferro v. Gay, 78 Ky., 496; Ball v. Bank, 4 R., 400, 80 Ky.,
502; and Hughes v. Swope, 88 Ky., 254 (8 R., 256) 1 S. W.,
394.   The first two of these cases involved a dispute as to
the apportionment of rent accruing from land pend-
ing the litigation in which it was sold.   In neither
of the cases did the court have the particular ques-
tion involved here before them for decision.   In both cases
the court, in discussing the apportionment of the rents be-
tween the contending parties thereto, fix the date of confir-
mation as the point from which the purchaser was entitled to
the rents accruing from the land; and while, as said before,
the court use strong language as to the title of the purchas-
er after confirmation, they are speaking more as to the cer-
tainty and stability of the title after confirmation, as com-
pared with the rights of the purchaser between the date of
sale and confirmation than of the quality of the title; and,
when the court speak of the purchaser having a perfect title
after confirmation, they mean, rather, that his title at that
time passes beyond the control of the court to set it aside,
than that he acquires the legal title as contradistinguished
from the equitable title.   In the case of Hughes v. Swope
there was a contest between two purchasers at a judicial
sale for the property; and here, as in the two cases discussed
supra, the court did not have before them the question as to
whether the purchaser had a legal or equitable title; but
they were discussing the respective rights of the two pur-
chasers at the two sales of the property had in the case, and
the precise question which we have here was not involved.

Goodin v. Wilson.

Section 394 of the Civil Code of Practice provides that real property may be conveyed by a commissioner appointed by the court (1) if by the judgment in an action a party be ordered to convey such property to another; (2) if such property have been sold under a judgment or order of the court, and the sale confirmed. Section 397 provides that a conveyance made in pursuance of sale ordered by the court shall pass to the grantee the title of all the parties to the action or proceeding. Section 398 provides that a conveyance by a commissioner shall not pass any right until it has been examined and approved by the court, which approval shall be indorsed on the conveyance, and recorded with it. Section 399 provides: "It shall be necessary for the conveyance to be signed by the commissioner only, without affixing the names of the parties whose title is conveyed; but the names of such parties shall be recited in the conveyance." Section 494 of the Codes concerning sales, provides: (1) The court shall appoint a suitable person, as commissioner to execute its judgment; (2) the court shall cause a title of the property to be conveyed by a commissioner to the purchaser, without warranty; (3) the conveyance must be acknowledged before and approved by the court, and certified by its clerk to the clerk of the county court for record. It would seem, from these provisions of the Code, that, in order to obtain the legal title to land sold at a judicial sale, it is necessary that there should be a deed executed and delivered by the commissioner of the court, which has been acknowledged before, and approved by, the court. Rorer on Judicial Sales (section 128) is as follows: "The contract of sale is only executed so as to pass the title by payment of the money, and the execution and delivery of the deed, duly approved or confirmed by the court, as the practice may be." And in section 427 it is said: "Although the sale, in a

popular point of view, is supposed to have been made when
the bargain is closed, yet in a legal sense the sale is not com-
plete until the deed is delivered. Therefore it follows that,
as the making of the deed is a part of the act of selling, the
person appointed to sell is the only one who can make the
deed.   The sale is not perfected until confirmation thereof,
and delivery of the deed; and in some cases, as where ap-
proval of the deed by the court is also required, then only
by the additional act of approval." Jones, in his work on
Mortgages (section 1637), states the rule as follows: "The
acceptance of the bid confers no title upon the purchaser,
and not even any absolute right to have the purchase com-
pleted. He is nothing more than a preferred bidder, or pro-
poser for the sanction of the court afterwards.   When this
is given, it relates back to the time of sale, and carries the
legal title from the delivery of the deed, and the equitable
title without a deed."    The American and English Ency-
clopaedia of Law (2d Ed., section 16 of title "Judicial
Sales") states the rule as follows:  "In a few cases it has
been held that on a judicial sale the title passes to
the purchaser on his compliance with the terms of the sale,
though no deed has been executed to him. . . .   As a
general rule, however, the purchaser acquires no more than
an equitable title prior to the execution of a proper deed."

The contention of appellant's counsel that the right of
possession and the right to receive rents necessarily car-
ries with it the legal title can not be maintained.   There
are many instances where the legal title may be in a trus-
tee, with the possession and the right to the usufruct of
the property remaining in the *cestui que trust*.   It seems
to us. therefore, that the title of appellee, Wilson, in the
land in question, was merely an equitable one, and that,

as such, it was not subject to levy or sale under execution, and that appellant's remedy for subjecting the same to the payment of her debt is under the provision of section 439 of the code, and not under sections 1681 or 1709 of the Kentucky Statutes.

Holding this view, we think the court below did not err in sustaining the demurrer to the petition as amended, and, upon appellant's refusal to plead further, in dismissing her petition. Wherefore the judgment is affirmed.