## Cockrill, et al. v. Louisville & Nashville Railroad Company, et al.

### (Decided June 5, 1917.)

### Appeal from Estill Circuit Court.

1. Judicial Sales—Confirmation—Effect.—The confirmation of a judicial sale of real estate does not vest the legal title in the purchaser, but confers upon him only an equitable interest in the land.

2. Judicial Sales—Transfer of Purchase.—The purchaser at such sale may at any time, after confirmation and before conveyance to him, transfer his rights in the land by written assignment.

3. Judicial Sales—Assignment of Purchaser.—The court in which the suit is pending has jurisdiction to pass upon the validity of such an assignment and its judgment thereon is not void.

4. Judicial Sales—Parties.—Parties to such suit, who are before the court, are not entitled to notice of motion therein by the trans-

feree to have conveyance made to him, and are bound by the court's judgment on that question as upon all other pertinent questions.

5.  *Judicial Sales—Commissioner's Deed.*—The commissioner's deed to the purchaser's assignee, made pursuant to the court's order, vests in the assignee the legal title to the land, to the exclusion of the purchaser and any one claiming under him.

R. W. and VIRGIL P. SMITH for appellants.

BENJAMIN D. WARFIELD, ROBERT R. FRIEND, WALLACE & HARRISS and PENDLETON & BUSH for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

E. L. Cockrill, a resident of Estill county, died testate in 1876, and devised the two hundred acres of land involved in this action to his widow for life, with remainder to his children and grandchildren *per stirpes.* After the death of his widow a suit was brought by part of his devisees against the others for the sale of the land and a division of its proceeds. At the sale ordered in that case, George A. Cockrill, a son and devisee of E. L. Cockrill, became the purchaser of the land on November 16, 1891, which sale was confirmed at the December, 1891, term of the Estill circuit court.

In a few days after the confirmation, George A. Cockrill died intestate without children, never having been married. Thereafter Amanda and Bessie Cockrill, sisters of George A. Cockrill, produced in court in that action a writing signed by George A. Cockrill, and moved the court that the land sold to him be conveyed to them, and upon a hearing the court ordered and directed its master commissioner to convey the land to Amanda and Bessie Cockrill by commissioner's deed, which the master did on April 5, 1894; which deed was produced in open court by the master, acknowledged by him and examined and approved by the court. This deed conveyed to the grantees all of the right, title and interest of all of the heirs and devisees of E. L. Cockrill then in being, who were parties to that action, and same was put to record on May 5, 1894, since which time Amanda and Bessie Cockrill were in the continuous possession of and exercised ownership over the land until, in 1912, when they conveyed it to the Louisville & Nashville Railroad Company by a general warranty deed, which company, since that time, has been in possession of the land. Some months after the conveyance by Amanda and Bessie

Cockrill to the railroad company, the appellants brought this action under section 490 of the Civil Code for partition of this same tract of land, alleging that they and the other heirs of George A. Cockrill, who were made defendants, were the joint owners and in the possession of the land. To this petition, as amended, Amanda and Bessie Cockrill and the Louisville & Nashville Railroad Company filed separate answers and cross-petitions, denying the ownership and possession of the heirs of George A. Cockrill and pleading and relying upon the order of court in the suit among the heirs and devisees of E. L. Cockrill, directing the conveyance of the land to Amanda and Bessie Cockrill, the deed to them by the master and their deed to the Louisville & Nashville Railroad Company; also pleading and relying upon the possession of Amanda and Bessie Cockrill and the Louisville & Nashville Railroad Company from 1894 to the filing of the suit as a continuous, adverse possession; upon the statute of limitation, and upon an estoppel based on the fact that all of the heirs of George A. Cockrill were parties to the suit for the sale and division among the heirs of E. L. Cockrill.

Appellants filed a reply denying that George A. Cockrill signed, executed or delivered to Amanda and Bessie Cockrill the writing upon which the conveyance was ordered, and the deed made in the suit among the heirs and devisees of E. L. Cockrill, except that if he did so at the time of so doing he was weak in both mind and body, and incapable of making a valid contract, and that he executed it by reason of the exercise by Amanda and Bessie Cockrill of over-persuasion, fraud and undue influence. They further deny that George A. Cockrill died before the purchase price had been paid for the land and alleged that they had no notice or knowledge of the motion entered in that case by Amanda and Bessie Cockrill to have the land conveyed to them or that it was conveyed to them, or that Amanda and Bessie Cockrill paid the whole or any of the purchase price after the order was entered directing the deed to be made to them, or that Amanda and Bessie Cockrill, after the deed was made took possession of the land thereunder; and they further deny that the possession of Amanda and Bessie Cockrill or of the Louisville & Nashville Railroad Company was at any time adverse to them, and alleged that their possession was for the benefit of all of the alleged joint owners.

Appellees then filed a demurrer to the petition, amended petition and reply and this demurrer was sustained, and, appellants declining to plead further, their petition was dismissed, from which judgment they prosecute this appeal.

The facts as stated in the first part of this opinion stand admitted upon the record, the appellants having denied only that the possession of Amanda and Bessie Cockrill from 1894 until their conveyance to the Louisville & Nashville Railroad Company in 1912, and that of the railroad company from that date to the filing of the suit, was adverse. They do not deny, however, that such possession was exclusive and continuous, but they allege only, with reference thereto, that such possession was not adverse because they were joint tenants with appellants and consequently their possession was the possession of all. Appellants' whole case rests upon the theory that the order of the court in the suit among the heirs and devisees of E. L. Cockrill, to which they, or those under whom they claim, were parties, directing the master commissioner of the court to convey the land to Amanda and Bessie Cockrill, as well as the deed made thereunder, is absolutely void and not simply erroneous or avoidable. If this contention is not sound, it will not be necessary for us to consider the many other questions raised, and we shall, therefore, first dispose of that proposition.

It is obvious, of course, that unless that order of the court and the deed made in compliance therewith are void they cannot be attacked in this, a collateral, proceeding, as appellants, or those under whom they claim, were parties to that action and are bound by the orders and judgments therein unless same are utterly void, and if that order of the court directing the master to convey to Amanda and Bessie Cockrill, and the deed made to them in pursuance thereof, are not void then it is apparent from the record that the fundamental allegation of appellant's petition, that they and the appellees were the joint owners of the land involved, is untrue and they have no case. In Noel v. Fitzpatrick, 124 Ky. 795, this court said:

"By the act of the auctioneer in declaring her the bidder at his sale and accepting her bond for the purchase price of the land sold, she acquired an equitable interest in the property, and this equitable interest or right in the property was perfected in her by the confirmation of

the sale at a later date.. But the title to property sold at decretal sale does not pass to the purchaser, nor is the purchaser vested therewith, until it is conveyed, under proper order of the court, by the commissioner of the court to the purchaser. Sections 396, 397, 398 of the Civil Code of Practice. Until it is so conveyed it remains but an equity—perfected, it is true, by the confirmation— in the purchaser; and, being but an equity, it is such an interest in, or right to, the property as can be trans- ferred and assigned in the manner in which it was as- signed in the case at bar."

To the same effect see Goodin v. Wilson, 114 Ky. 718; Jones on Mortgages, section 1637; Am. & Eng. Enc., second edition, section 16 of title "Judicial Sales." That the confirmation of a judicial sale does not vest in the purchaser a legal title to the land, but confers upon him only an equitable interest is thoroughly established and in consequence thereof it has been the recognized and accustomed practice in this jurisdiction to permit the purchaser, at any time before the execution of the deed, to transfer his bid or equitable right by an unac- knowledged written assignment. Consequently, if the writing executed by George A. Cockrill, upon which the court ordered a conveyance to Amanda and Bessie Cock- rill, was in fact a valid assignment of his bid to them, there can be no question but that the court properly or- dered the deed made to them; and that George A. Cockrill, before he died, parted with every interest he held in the land. Having the power to so order a conveyance, if the writing was an assignment of George A. Cockrill's bid and interest in the land it necessarily follows, of course, that the court had the power and authority to de- cide whether or not the writing was, in fact, such an assignment, and the court's decision of that question was not void and could have been at most but erroneous and avoidable, which must have been questioned if at all by an appeal and cannot be attacked collaterally, either as to the effect of the writing or as to the manner of its execution. The necessary effect, therefore, of the court's order was to decide that, by the writing, George A. Cock- rill had divested himself of the equitable interest in the land acquired by him by the judicial sale and confirma- tion, and he did not die the owner of any interest in the land. Nor were appellants entitled to actual notice of the motion by Amanda and Bessie Cockrill to have the land conveyed to them, because they, or those under whom

they claim, were parties to that action and required to take notice of all pertinent proceedings and orders therein. That action had for its purpose not only the sale of the land but its conveyance in pursuance of the sale and a distribution among E. L. Cockrill's heirs of the proceeds of that sale. The order of conveyance was a necessary order incident to that suit, and parties thereto cannot plead ignorance or want of notice of such an order and are concluded thereby.

It, therefore, follows that the title to the land by the commissioner's deed in the E. L. Cockrill's heirs suit passed to Amanda and Bessie Cockrill, to the exclusion of George A. Cockrill and his heirs, and that appellants have no interest of any kind therein and cannot maintain this action as joint owners for its partition; nor can they maintain it as an action to avoid the deed to Amanda and Bessie Cockrill upon the ground of fraud or want of consideration in the execution of the writing upon which the court adjudged the execution of the deed, because if this might be considered as such an action, it is a collateral attack upon that judgment.

Wherefore, the judgment is affirmed.