## Johnson v. Baker et al.

(Decided Dec. 16, 1932.)

FAULKNER & FAULKNER, and STEPHEN D. JONES and REGINALD B. WILLIAMS for appellant.

JESSE MORGAN, J. W. CRAFT and C. C. TURNER for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Barney W. Baker and T. D. Draughn sued Mrs. Kate F. Johnson to recover upon the following contract:

"This agreement made and entered into this the 13th day of April, 1928, by and between B. W. Baker and T. D. Draughn, as parties of the first part and Kate F. Johnson, party of the second part, witnesseth:

"Whereas on the 11th day of November, 1924, one Billie Baker, together with his wife, Nancy Ann Baker, signed, executed and delivered unto T. D. Draughn, one of the parties of the first part hereto, their promissory note whereby they agreed and promised to pay to the said Draughn and to the Hazard Plumbing & Supply Company, of which the said Draughn is the sole owner and proprietor the sum of $3,000 together with interest thereon at the rate of 6 per cent. per annum from the date thereof until paid, and simultaneously with the execution of said note, and in order to secure the payment thereof, signed, acknowledged, executed and delivered to the said T. D. Draughn and Hazard Plumbing & Supply Company their

mortgage upon what is known as the 'Billie Baker Building' on the corner of Court and High streets in the City of Hazard, Perry County, Kentucky, which said property is specifically described in said mortgage, and in the petition and action of T. D. Draughn &c v. Billie Baker, &c now pending in the Perry Circuit Court, to which reference is here made for a more particular description of the property mentioned and referred to, and

"Whereas on the 19th day of February, 1925, B. W. Baker, one of the parties of the first part hereto, executed as surety for the said Billie Baker and Nancy Baker, his wife, a note in the sum of $5,000, to the First National Bank of Hazard, Kentucky to secure the payment of which the said Billie Baker and Nancy Ann Baker executed and delivered to the said B. W. Baker for the purpose of indemnifying him by reason of having signed said note as surety, their mortgage on the property hereinabove mentioned, which said mortgage is duly of record in Mortgage Book II, page 583, Perry County Court Clerk's Office, and

"Whereas, in the aforesaid action of T. D. Draughn, &c v. Billie Baker, &c pending in the Perry Circuit Court, an order of sale was entered, and in pursuance thereto, Lena Roberts Lovelace, on the 9th day of April, 1928, exposed said property, above mentioned, for sale to the highest and best bidder in conformity to said order of sale, and at said sale the parties of the first part hereto became the purchasers of said property at the sum of $61,000, and said property was knocked off to them by said Commissioner of said sum.

"Now the premises considered and for the further consideration of the party of the second part assuming and agreeing to pay to the parties of the first part the respective sums hereinabove named, together with the interest thereon, in event said property is not redeemed by the owner thereof, the said Billie Baker and wife, within twelve months following April 9, 1928, as hereinafter more fully set out, said parties of the first part hereby transfer, set over and assign unto the party of the second part their aforesaid bid of $61,000.00 on said property, and likewise set over, transfer and assign unto the party of the second part the re-

spective mortgages, and the liens against said property secured by said mortgages above mentioned.

"It is distinctly stipulated, understood and agreed by and between the parties hereto, that in event the said Billie Baker and Nancy Ann Baker, or either of them redeem said property, they having such equity of redemption because of the fact that the bid as aforesaid is less than two-thirds of the appraised value of said property, and by such redemption pay the said $61,000 together with 10 per cent. interest provided by law, then and in that event the assignment herein made and provided for, shall be null and void and of no force and effect, and the said B. W. Baker, and the said T. D. Draughan shall participate in the moneys representing such redemption, in accordance with the priorities of their respective mortgages as shown by the pleading and record in the above mentioned action of T. D. Draughn &c v. Billie Baker &c, but if the said Billie Baker fails or refuses to redeem said property within the time allowed by law, then the party of the second part shall pay the amount of the aforesaid bid represented by way of sale bond of date April 9, 1928, and the interest thereon, and thereupon pay to the said B. W. Baker said $5,000 and interest, and to the said T. D. Draughn said $3,000 and interest."

Defense was interposed upon the grounds that the contract was entered into under a mutual mistake, that the obligation was conditional on the present possession of the property, and that a failure of the consideration subsequently resulted. The circuit court rendered judgment in favor of the plaintiffs, and Mrs. Johnson has prosecuted an appeal.

Some additional facts should be stated. Billie Baker owned the property involved in the equity proceeding in which the judicial sale was decreed. The Louisville Title Company had a first mortgage against the property amounting to about $57,000. The Hazard Lumber & Supply Company had a second mortgage for $6,000. T. D. Draughn had a third mortgage for $3,000. Barney W. Baker had a fourth mortgage for $5,000. Several other claims were asserted. The court, on motion, had placed the property in the hands of its receiver to conserve the property and to collect the rents.

In this condition of things, on March 2, 1928, a sale of the property was ordered. The judgment contained this provision:

"The said purchaser of said property upon the execution of the bonds hereinbefore described, shall be entitled to take immediate possession of said property, and the receiver, J. T. Bowling, heretofore appointed upon the execution of said bonds is hereby discharged; and the purchaser may take immediate possession of said property as though he has paid the purchase price therefor, and the purchaser upon demand may have a writ of possession executed to him for the complete and full possession of all of said property and the improvements thereon.

"All of the liens and claims and demands of the parties to this action not being yet fully developed this cause is now continued for the purpose of a final decree and judgment on each of the demands in this record asserted, and for final determination of the priority of said claims asserted in the pleadings in this case."

Billie Baker was living in an apartment in the building with his family, and by a subsequent order he was permitted to retain possession of this apartment. The sale was made on April 9. Barney W. Baker and T. D. Draughn were the purchasers, but the bid was made and accepted by the commissioner in the name of Barney W. Baker. Baker and Draughn on that day signed the sale bonds and gave them to the master commissioner. But before she had filed her report a question was raised as to the surety on the bond, and she asked for additional surety before she made her report. She testified that Billie Baker and Roy Helm, who was attorney for the first mortgagee, objected to the sufficiency of the bond. The proof for the defendant shows that, while things were in this condition, J. L. Johnson, the husband of Mrs. Kate Johnson, who was a friend of Baker and Draughn, proposed that his wife would sign the sale bonds as surety, but the officer declined to take her because she was a married woman. The defendant Baker testified that none of this occurred. But, however this may be, the fact is that on April 13 Baker's bid was assigned to Mrs. Johnson pursuant to the contract of that date. Some of the

parties concerned took the precaution to have a lawyer examine the record and verify the fact that the judgment provided that the purchaser should be entitled to the possession from the execution of the sale bonds. The lawyer so reported, and the contract was then made. Baker testified that he knew nothing about this fact. The property was rented for about $1,100 a month, and the prospective rents were an inducement to Mrs. Johnson to buy the bid of Baker and Draughn. Mrs. Johnson made new sale bonds which were accepted. The sale was reported to the court on April 28, and promptly confirmed. Mrs. Johnson then entered a motion for the receiver to turn the property over to her. The motion was overruled, to which she excepted. She then entered a motion to set aside the order confirming the sale and to vacate the sale. Numerous alleged irregularities were specified. The court first denied the motion, but reconsidered and sustained it, thus relieving Mrs. Johnson of her obligation on the sale bonds and depriving her assignors of all opportunity to carry out their bid or to control the rights acquired by them and sold to Mrs. Johnson.

The property was resold under a supplemental judgment, and purchased by another party. By the terms of the judgment, the purchaser of the property at the sale was entitled to take possession of the property when the sale bonds were executed, and the receiver then would be discharged. The property was rented for about $1,100 a month, and the purchaser, upon the execution of the sale bonds, by the provision in the judgment, would be entitled to the rents from that time, as well as the property itself on the confirmation of the sale.

There is no basis in the record for relieving Mrs. Johnson from the contract upon the ground of mutual mistake of the parties. The provision of the judgment that possession should be given when the sale bonds were executed could not be carried out if the purchase price of the property was less than two-thirds of its appraisement. Kentucky Statutes, secs. 2362-2364. If real property sold under a decree fails to bring two-thirds of its appraised value, the purchaser is entitled to neither a deed nor possession until the right of redemption is extinguished. Schlenker v. Clark, 226 Ky. 665, 11 S. W. (2d) 725. The written contract precludes the possibility of a mistake in this particular by its

express provision that the right to redeem the property was in Billie Baker and Nancy Ann Baker, and, if that right was exercised, the situation resulting was controlled by the contract itself. The parties knew the facts which gave rise to the right of redemption, and were presumed to know the legal consequences of those facts. The general rule, subject to certain exceptions, is that a court of equity will not relieve against a mistake of law. 13 C. J. sec. 267, p. 379; 6 R. C. L. sec. 46, 47, pp. 627-629; Fisher v. May's Heirs, 2 Bibb, 448, 5 Am. Dec. 626; Brashears v. Combs, 174 Ky. 344, 192 S. W. 482; Reggio v. Warren, 207 Mass. 525, 93 N. E. 805, 32 L. R. A. (N. S.) 340, 20 Ann Cas. 1244; Renard v. Clink, 91 Mich. 1, 51 N. W. 692, 30 Am. St. Rep. 458. None of the exceptions embraces a case of the character now presented. 6 R. C. L. sec. 48, p. 636; 13 C. J. sec. 268, p. 379. Ky. Title etc. Co. v. Langan, 144 Ky. 46, 137 S. W. 846.

The bidders at the decretal sale had acquired a vested right (Hughes v. Swope, 88 Ky. 254, 1 S. W. 394, 8 Ky. Law Rep. 256), which was assignable, and that right was sold to Mrs. Johnson and duly transferred to her. She acquired from Baker and Draughn all that she bargained for, and all that the contract contemplated she should have from them. The incidental rights of possession and rents were to be determined by the court under the law, and she could not escape from the obligations of her contract with Baker and Draughn because of any later action of the court upon that subject. After Baker and Draughn had sold their rights, "the subsequent proceedings interested them no more."

Equally unavailing is the claim of the appellant that there was a failure of consideration. The consideration for the contract was the assignment of the bid of Baker and Draughn to Mrs. Johnson. A purchaser at a judicial sale has an equity which constitutes property and which may be assigned. Cockrill v. L. & N. R. Co., 176 Ky. 148, 195 S. W. 435; Hughes v. Swope, 88 Ky. 254, 1 S. W. 394, 8 Ky. Law Rep. 256; Goodin v. Wilson, 114 Ky. 716, 71 S. W. 866, 24 Ky. Law Rep. 1521; Noel v. Fitzpatrick, 124 Ky. 787, 100 S. W. 321, 30 Ky. Law Rep. 1011. The transfer of such a right is a good consideration for a promise to pay. Van Winkle v. King, 145 Ky. 691, 141 S. W. 46; Brady

v. Equitable Trust Co., 178 Ky. 693, 199 S. W. 1082; Sternberg Dredging Co. v. Bondurant, 223 Ky. 668, 4 S. W. (2d) 686; Farmers Bank v. Williams, 205 Ky. 261, 265 S. W. 771.

Under the contract, Mrs. Johnson acquired all the rights of Baker and Draughn, and she proceeded accordingly. The value of the right she acquired was something for her determination, and there was no failure of consideration if it turned out to be less than she supposed. The right to a rescission of the contract, if it ever existed, could not be asserted after Mrs. Johnson had disabled herself from returning to the other parties the rights they had transferred to her. When Mrs. Johnson was disappointed in her efforts to get possession of the property and the incidental enjoyment of the rents, she did not seek a rescission of her contract with Baker and Draughn. She proceeded to exercise her rights derived from the contract under which she was the accepted bidder and induced the court to grant her relief by vacating the sale and canceling her sale bonds. Thus she was disabled by the result of her own requests from restoring the consideration received by her from Baker and Draughn. In such a situation, any right of rescission is extinguished because the party seeking relief is unable to place his adversary in statu quo.

Morris v. McDonald, 196 Ky. 716, 245 S. W. 903. In Beattie v. Friddle, 229 Ky. 361, 17 S. W. (2d) 246, 248, we said:

"Rescission of a contract even for a substantial breach thereof may not be decreed if the position of the parties has been changed so that the former status may not be restored. 23 C. J. p. 215, sec. 52; 13 C. J. pp. 619, 620; Morris v. McDonald, 196 Ky. 722, 245 S. W. 903; Pollock on Contracts, 621; L. & N. R. Co. v. McElroy, 100 Ky. 153, 37 S. W. 844, 18 Ky. Law Rep. 730; Shields v. Lewis, 49 S. W. 803, 20 Ky. Law Rep. 1601; In re Morgantown Tin Plate Co. (D. C.) 184 F. 109; Home Benefit Society v. Muehl, 109 Ky. 479, 59 S. W. 520, 22 Ky. Law Rep. 1378. In Kauffman v. Raeder (C. C. A.) 108 F. 171, 54 L. R. A. 247, a full consideration of this question, with an exhaustive analysis of the authorities and the reasons upon which the rule is rested, may be found. It is not contended that the

situation of the appellants could be restored, and that fact is fatal to the contentions of the appellee.''

When Mrs. Johnson, in the exercise of her rights as the accepted bidder, elected to apply to the court, she did no wrong, but she thereby waived any grounds for rescission which she may have had as against Baker and Draughn, because she could not thereafter reassign to them the bid for the property or restore to them the rights they had sold to her.

It is suggested that Baker and Draughn did not object to the action of Mrs. Johnson in proceeding to vacate the sale, or except to the ruling of the court in her favor. Plainly she stood in their shoes as the owner of the bid and was within her own rights in so proceeding. They had no right to object or except when she chose her course in that respect. The rights of Baker and Draughn were derived from their contract with Mrs. Johnson, and those rights were not affected by anything Mrs. Johnson did with the property she had purchased from them. So long as she was exercising her own rights, it was not necessary or proper for objection to be made by the holders of her independent obligation to pay them. The obligation of Mrs. Johnson to pay Baker and Draughn was subject to a single condition specified in the contract, which was that, if the property was not redeemed by Billie Baker within the time allowed by law, then Mrs. Johnson should pay to Baker the sum of $5,000, and interest, and to Draughn the sum of $3,000 and interest. The property was not redeemed by Billie Baker, and the obligation to pay became absolute.

The circuit court correctly construed the contractual rights of the parties, and no error appears in the record.

The judgment is affirmed.

Whole court sitting.