Richard W. TERRILL and Frances Terrill, Appellants,

v.

A. H. CARPENTER, Margaret L. Carpenter and The South Central Petroleum Corporation, Appellees.

No. 13045.

United States Court of Appeals Sixth Circuit.

Oct. 23, 1957.

McCann, Sledd & McCann, Troy D. Savage, Lexington, Ky., for appellants.

Hunter M. Shumate, Irvine, Ky., for appellee.

Before ALLEN, McALLISTER and STEWART, Circuit Judges.

PER CURIAM.

This appeal arises out of an action filed July 13, 1953, in which appellants sued for damages claimed to have been incurred from fraud practiced by appellee Carpenter and his agent J. F. Shepperd in the sale to appellants of interests in numerous mineral leases of land located in five counties of the State of Kentucky and in dealings between the parties growing out of such sales. The District Court held that appellants' claims resting upon and arising out of transactions during the years 1946 and 1947 are barred by the five-year statute of limitations. Kentucky Revised Statutes, Sections 413.120(12) and 413.130 (3). As to subsequent activities of appellees involved herein, the court held that they were covered by an agreement executed April 10, 1951, between appellee Carpenter and his agent Shepperd and appellants herein, whereby, in consideration of assignment by appellee Carpenter and Shepperd of certain stock, and in consideration of the release by appellee Carpenter and Shepperd of certain claims, a full and final compromise and settlement of all controversies to date and release of all claims between the parties were effected.

Each of these holdings is plainly correct under the Kentucky statutes and applicable decisions.

The court, also, in extensive findings of fact, specifically found that fraud was not proved in the numerous transactions attacked by appellants. The testimony as to these matters was in general controverted. The court's findings of fact are sustained by the record and are binding here. Federal Rules of Civil Procedure rule 52(a), 28 U.S.C.

Numerous other actions claimed to grow out of fraudulent dealings between appellee Carpenter and Shepperd and various parties are pending in the District Court. The decision herein necessarily applies only to the instant case and to transactions between appellee Carpenter and Shepperd and the particular appellants herein.

The judgment is affirmed upon the grounds and for the reasons stated in the findings of fact and conclusions of law and memorandum opinion filed by the District Court August 16, 1956.