Edward L. PRESSLEY and his wife, Imogene Pressley, Appellants,

v.

William C. MORTON, Trustee, et al., Appellees.

Court of Appeals of Kentucky.

June 5, 1959.

Frederick E. Nichols, Nichols & Nichols, Madisonville, for appellant.

Gordon, Gordon & Mills, Madisonville, for appellee.

CLAY, Commissioner.

In an action to reform a deed on the ground of mutual mistake, plaintiff appellees were granted the relief prayed.

The plaintiffs are trustees of an estate which they were settling. They advertised for sealed bids on a 75 acre tract of land, which was a part of a larger acreage. The principal defendant appellant made the following written bid:

"I am offering you the sum of $2,600.00 for the following piece of property: the 75 acres, more or less, tract of land near Richland which lays north of the Earlington-Richland Road and *east of the I. C. R. R.*" (Our emphasis)

Following this bid the attorney for the trustees and the defendant discussed the property. The attorney informed defendant the trustees were obligated to sell an eight acre tract of land in the same vicinity to another party. The attorney advised that they would sell defendants "what was left" for a reduced price. (The court's opinion fixes the reduced price at $2,250, whereas plaintiffs' brief states it was $2,500) On this new figure an agreement was reached.

Plaintiffs delivered to and defendants accepted a rather lengthy deed which purported to convey 268 acres of land, excepting therefrom an indeterminate number of acres which had been conveyed to other parties. It is impossible to tell from the face of this deed how much land was conveyed.

It subsequently developed that the deed conveyed approximately 150 acres, 75 acres of which was *northwest of the I. C. Railroad.* That is the alleged mistake in question.

It will be noted that defendants' bid referred to 75 acres "east of the I.C.R.R." Obviously there was a mutual mistake if the transaction constituted an acceptance of this offer. However, it is defendants' con-

tention that this bid was not accepted, that the trustees' attorney made a counter-offer, and the parties entered into a new agreement unrelated to the original negotiations. Their position is that the attorney did not know how much unconveyed land there was left in the 268 acre tract, and without guaranteeing that defendants would get anything, he agreed to sell literally "all that was left" in the whole tract.

The court interpreted these words to mean all that was left in the 75 acre tract referred to in defendants' bid, after the conveyance of the eight acres to the third party. (It was not certain that this eight acres was wholly, or partly, or at all within the 75 acre tract upon which defendants had bid.)

 As contended by defendants, reformation of a deed may be granted only if the mistake is mutual (there are exceptions not pertinent here) the evidence is clear, convincing and beyond reasonable controversy, and it is shown that the parties had actually agreed upon terms different from those appearing in the written instrument. We think all of these conditions were fulfilled in the present case.

The negotiations concerned a 75 acre tract east of the I. C. Railroad. Nothing indicates that either plaintiffs or defendants intended to enter into an entirely new transaction unrelated to such a tract. The expression used by plaintiffs' attorney, "what was left", in view of the contingency which arose, obviously related to the 75 acre tract. In addition, other facts confirm the view that defendants had no intention of buying and did not think they had bought land lying northwest of the railroad. In our opinion there was an adequate showing of a mutual mistake which justified reformation of the deed.

Defendants contend even if there was a mutual mistake, the negligence of the plaintiffs bars their right to relief. They contend that the description in the deed clearly included acreage to the north, and the plaintiffs should have known they were conveying more land than they intended. However, we cannot find such negligence in this case as would deny plaintiffs a right to relief or would create additional rights in the defendants.

Admittedly the deed was not an exemplary one, but under the circumstances, it was in the best available form. No survey of the property had been made, and a reading of the deed would not disclose the mistake. The latter factor was significant in most of the cases cited by defendants. While this was a very unsatisfactory deed, the defendants participated in its lack of specificity by accepting it. The negligence, if any there was, was just about as mutual as the mistake.

We are of the opinion that the Chancellor correctly adjudicated the controversy.

The judgment is affirmed.