Melissa **TREVATHAN**, Appellant,

v.

Susan **TESSENEER** et al., Appellees.

Court of Appeals of Kentucky.

Feb. 21, 1975.

John A. Gregory, Jr., Hughes & Gregory, Murray, for appellant.

Henry O. Whitlow, Waller, Threlkeld & Whitlow, Paducah, for appellees.

ARMAND ANGELUCCI, Special Commissioner.

This case comes here on appeal from a final order of the Calloway Circuit Court. The appellant had initiated this action to recover for personal injuries suffered as a result of an automobile accident. The appellees' defense was based upon a release executed in favor of the appellees by the appellant, who moved to have a final determination made as to the validity of the release. The appellees thereupon moved for a summary judgment as to all claims made against them by the appellant. The court found the release to be valid, binding and an effective bar to appellant's right to maintain such an action and from the order sustaining the appellees' motion for summary judgment and dismissing the action, this appeal was taken.

The appellant, Melissa Trevathan, was injured while a passenger in an automobile owned by appellee Ralph Tesseneer and driven by appellee Susan Tesseneer, which was involved in a single car accident near Ringgold, Georgia, in April, 1970. After being hospitalized for several days, Miss Trevathan returned to her home in Murray, Kentucky, where she was attended by one Dr. Hal Houston, who apparently examined her for further evidence of internal injuries and to check the progress of an elbow abrasion. Dr. Houston was also aware of the fact that Miss Trevathan had been unconscious for a brief period following the accident and the appellant states that she told the doctor about a lump on the side of her head.

Some two weeks after the accident an adjuster for appellee State Farm Insurance Company met with Miss Trevathan and her father in their home and the appellant furnished this adjuster with a statement regarding the accident, her injuries and her expenses. In June, 1970, Miss Trevathan, then a 21-year-old senior at Murray State University, responded to a telephone call from the adjuster and with full knowledge of her parents, and with their consent, went to the State Farm Office to investigate the possibility of a settlement. By her own admission, the appellant at this time felt that she had no more injuries and was completely recovered. Therefore, on June 2, 1970, Miss Trevathan signed a

standard form release discharging Ralph Tesseneer, Susan Tesseneer and State Farm from all claims stemming from "all injuries, known or unknown, . . . which have resulted or may in the future develop . . . " from the accident. The release was in consideration of $344.16, a draft for which was issued to Miss Trevathan and later deposited in her bank account.

In September, 1970, while a student at Southwestern Seminary in Ft. Worth, Texas, the appellant allegedly suffered a blackout. Subsequent examinations purportedly attribute this incident to a form of epilepsy produced by a traumatic head injury. Miss Trevathan claims the injury resulted from the April, 1970, automobile accident. The epileptic condition has allegedly produced and will continue to produce considerable physical impairment and financial expense. The nature and extent of these alleged impairments and expenses are not an issue here but form the basis of the appellant's claim against the appellees.

The sole issue for the court's consideration here is the effect of the release signed by the appellant. Since the record is devoid of any indication of fraud, overreaching, or physical impairment at the time of execution, the simple question becomes whether the release is final and binding according to its terms or whether it may be invalidated on the ground of mutual mistake as to the nature and extent of Miss Trevathan's injuries.

General judicial reluctance in Kentucky to invalidate a release for personal injury claims on the basis of mistake, where the terms are unambiguous and unequivocal, the releasor was capable of reading and understanding the release, and there is no evidence of fraud, is represented by the case of Clark v. Brewer, Ky., 329 S.W.2d 384 (1959), cited by appellees.

The appellant in *Clark* had signed a release quite similar in wording to the one involved here. The release was on the back of the check given Clark in settlement of Brewer's insurer. In a subsequent action for personal injuries, Clark sought to void the release, alleging that he had mistakenly believed the release to have discharged Brewer only as to property damage claims. The court rejected Clark's contentions and granted summary judgment for Brewer. In affirming the Court of Appeals held "that where a person could read, he could not avoid the effect of his release, in the absence of overriding factors such as fraud."

The court went further when it stated:

"When an instrument is clearly within the understanding of the parties, one who for a valuable consideration signs without reading and without inducement either to sign or not to read, cannot shelter under a claim of mistake . . . ."

The *Clark* case is cited in Gibson v. Dupin, Ky., 377 S.W.2d 585 (1964).

In the case of Johns v. Kubaugh, Ky., 450 S.W.2d 259 (1970), the plaintiff sued for personal injuries, claiming two hospitalizations by reason of injury to her back sustained in the accident and that her heart had been impaired by the accident. Previously, she had signed a release of her property damage. Summary judgment was also entered for the defendant in this case and the court held:

". . . In face of the clear language of the release considered with the fact that Mrs. Johns did not then regard herself as having any claim for personal injury, it is difficult to perceive how she could rely on a purported statement of an adjuster flatly contradicting the plainly stated terms of the release . . . ."

The mistake in the case considered here is, of course, alleged to be a mutual one, as to the nature and extent of appellant's injuries, whereas the mistake in *Clark* was as to the nature of the release. However, there appears to be little difference in the treatment of releases.

The rule of *Clark* has been uniformly and consistently applied for many years to

the present time. This rule favors the orderly settlement of disputes and avoids multiplicity of suits and the chaos which would result if the releases were not treated seriously by the courts. The instant case is somewhat analogous to the case of Amlung v. First National Lincoln Bank of Louisville, Ky., 411 S.W.2d 465 (1965), when the court states:

"We agree with the trial judge in his findings when he says:

"(1) 'It is fairly strictly held in this state that a person who has the capacity and opportunity to read the contract and is not misled as to its contents, cannot avoid the contract on the ground of mistake. Clark v. Brewer, Ky., 329 S.W.2d 384;' and (2) 'although I sympathize with the plaintiff in her plight.'"

It is therefore the opinion of this court that the release is binding and therefore bars recovery by the appellant.

The judgment is affirmed.

All concur except for STEPHENSON, J., who did not sit.