**Elizabeth L. OVERBERG, Plaintiff,**

v.

**Larry LUSBY, Defendant.**

**Civ. A. No. 88–87.**

United States District Court,
E.D. Kentucky,
at Covington.

Jan. 4, 1990.

Frank V. Benton IV, Benton, Benton & Luedeke, Ft. Thomas, Ky., for plaintiff.

Larry C. West, Ware, Bryson, West & Bartlett, Edgewood, Ky., and Kenneth G. Hawley, Cincinnati, Ohio, for defendant.

## OPINION AND ORDER

BERTELSMAN, District Judge.

This is a diversity action by a woman against her former husband for negligent or intentional infliction of a sexually transmitted disease.

On October 4, 1989, the court conditionally granted defendant's motion for summary judgment on the ground that the release contained in the parties' separation agreement bars plaintiff's tort claim. Plaintiff was granted additional time to raise an equitable defense that would preclude application of the release. This matter is before the court upon plaintiff's response to the court's order, arguing that the release should not be applied in this case on the ground of mistake.

The material facts in this matter are not in dispute. Plaintiff and defendant were married in Kentucky on December 14, 1985, and resided in Kentucky until they separated in December 1986. Plaintiff claims that during their marriage, defendant either negligently or intentionally infected her with condyloma, a sexually transmitted disease. As a result of contracting the disease, plaintiff claims to have been required to undergo medical treatment, including a hysterectomy in July 1987. The diagnosis, medical treatment, and hysterectomy occurred prior to the date the parties executed a separation agreement. Although plaintiff complained to some people that defendant infected her, she did not inform the attorney who repre-

sented her in dissolution proceedings of her contentions. Plaintiff's attorney drafted the separation agreement that was subsequently executed by the parties on July 31, 1987. The separation agreement divides the parties' property and settles support obligations. Paragraph 7 of the settlement agreement provides that "each party hereby releases and discharges the other from all obligations of support, *and from all other claims, rights and duties arising or growing out of said marital relationship.*" A decree of dissolution of the marriage, which incorporates the separation agreement, was entered by the Campbell Circuit Court on September 1, 1987.

Defendant moved for summary judgment, among other things, on the ground that the release bars plaintiff's claim. After hearing oral argument on the motion, this court agreed with that contention.

■ The construction and effect of separation agreements are governed by the rules applicable to contracts generally. *Richey v. Richey,* 389 S.W.2d 914, 917 (Ky. 1965); 24 Am.Jur.2d *Divorce and Separation* § 838 (1983). The scope of a release in a separation agreement is determined using the same principles for determining the scope of a release in any other contract. *E.g., McNevin v. McNevin,* 447 N.E.2d 611, 617 n. 6 (Ind.App.1983); *Smith v. Smith,* 72 N.J. 350, 371 A.2d 1, 5–6 (1977); *Hipsley v. Hipsley,* 161 N.J.Super. 119, 390 A.2d 1220, 1222 (1978); *Falise v. Falise,* 63 Md. App. 574, 493 A.2d 385, 389 (1985).

■ Whether the language of a contract is "ambiguous" is a question of law for the court. *E.g., Ainsworth Corp. v. Centco, Inc.,* 158 Ill.App.3d 639, 110 Ill.Dec. 829, 836, 511 N.E.2d 1149, 1156 (1987); *Shultz v. Delta–Rail Corp.,* 156 Ill.App.3d 1, 108 Ill.Dec. 566, 572, 508 N.E.2d 1143, 1149 (1987). Where the language of a contract is determined to be clear and unambiguous, the effect to be given the release is a question of law for the court. A contract is not rendered ambiguous simply because the parties do not agree on its proper construction or their intent upon executing the contract. *AMFAC Distr. Corp. v. J.B. Contractors,* 146 Ariz. 19, 703 P.2d 566,

570 (Ariz.App.1985) (language in release phrased "any and all claims" not ambiguous; that releasor claims he did not intend that release to be given full effect does not create issue of material fact); *Gillilan v. Trustees For Cent. States,* 183 Ill.App.3d 306, 131 Ill.Dec. 950, 955, 539 N.E.2d 303, 308 (1989) (language in release phrased "any an all claims, causes of action and liabilities (of whatever character) ... relating [to certain property]" found to be clear and explicit; therefore, dismissal of complaint not in error); *Hartford v. Burns Int'l Sec. Servs.,* 172 Ill.App.3d 184, 122 Ill.Dec. 204, 207–08, 526 N.E.2d 463, 466–67 (1988) (language in release phrased "waives any and all rights of subrogation" held not ambiguous; therefore, grant of motion to dismiss proper); *but see Bell v. Garcia,* 639 S.W.2d 185, 191–92 (Mo.App. 1982) (language in release phrased "each and every right" is ambiguous; therefore, summary judgment inappropriate where ex-wife claimed she did not waive certain rights).

■ The scope of a release is determined by ascertaining the intention of the parties. The "intent" is determined by reviewing the language of the entire instrument and all of the surrounding facts and circumstances under which the parties acted. *See Biven v. Charlie's Hobby Shop,* 500 S.W.2d 597, 599 (Ky.1973); *Leitner v. Hawkins,* 311 Ky. 300, 223 S.W.2d 988, 989 (1949); 66 Am.Jur.2d *Release* § 30 (1983). If the parties intended to leave some things out of a general release, then "their intent to do so should be made manifest." *United States v. William Cramp & Sons Ship & Engine Bldg. Co.,* 206 U.S. 118, 128, 27 S.Ct. 676, 679, 51 L.Ed. 983 (1907); *Terrill v. Carpenter,* 143 F.Supp. 747 (E.D.Ky. 1956) (applying Kentucky law in a diversity action), *aff'd,* 249 F.2d 142 (6th Cir.1957); *AMFAC,* 703 P.2d at 572; 66 Am.Jur.2d, *supra,* § 30.

■ The language of the release is unambiguous, it releases the parties from all support obligations and "all other claims, rights and duties arising or growing out of said marital relationship." Plaintiff's claim grew out of the parties' marital relation-

ship. She claims that during her marriage, her ex-husband infected her with a sexually transmitted disease. She discovered the infection and was treated prior to the dissolution of their marriage. No language in the settlement agreement can be construed to manifest an intent to limit the comprehensive scope of the release.

The issue in this matter is whether plaintiff's lack of knowledge that she had a personal injury claim at the time of signing the separation agreement constitutes a "mistake" that precludes application of the release in this case.

Plaintiff argues that a personal injury claim cannot be released unless the releasor knows that the cause of action exists. She does not cite any controlling law in support of this argument. She argues that this is a mistake as to a material fact that induced her to execute the separation agreement, and analogizes her situation to situations in which releases are avoided on the ground that releasor did not know the nature and extent of the injuries at the time of signing the release.

Defendant argues that the cases cited by plaintiff are distinguishable either because they involve situations where the releasor was unaware of physical injuries at the time of signing the release, that the releasor was not competent to give the release, and the release encompassed a specific act, but not future acts of the same kind. He argues that plaintiff has an obligation to make a reasonable inquiry as to her rights, and because she failed to inquire whether she had a cause of action or not based on their knowledge of the infection while represented by counsel during settlement negotiations, the equitable defense of mistake does not apply.

Plaintiff alone knew the facts that give rise to her claim, but failed to inform her attorney of the same during settlement negotiations and prior to signing the settlement agreement. Her failure to ascertain whether she had a cause of action is attributable to her own neglect. A unilateral misinterpretation of the legal effect of the release under these circumstances will not preclude application of the release to bar her claim.

Generally "mistake" means "an erroneous mental conception which influences a person to act or to omit an act." 54 Am. Jur.2d *Mistake, Accident, or Surprise* § 1 (1971). The distinction between mistakes of fact and mistakes of law are sometimes difficult to separate conceptually. Here, the mistake is a hybrid mistake of fact and of law. Plaintiff alleges that she did not know that she had a cause of action and, therefore, did not realize that the release would bar tort claims as well as property claims.

However, under the circumstances in this case and under controlling authority, absent conduct on the part of defendant or his attorney that mislead plaintiff into believing she had no claim, her lack of diligence in ascertaining whether she had a claim and consequent lack of knowledge of her rights and unilateral misinterpretation of the legal effect of the scope of the release are not grounds to relieve her of the effect of the release. *See Trevathan v. Tesseneer,* 519 S.W.2d 614, 615–16 (Ky. App.1975); *Johns v. Kubaugh,* 450 S.W.2d 259, 261 (Ky.App.1970); *Clark v. Brewer,* 329 S.W.2d 384, 386 (Ky.1959); *Gumm v. Combs,* 302 S.W.2d 616, 617 (Ky.App.1957); *Kane v. Hopkins,* 309 Ky. 488, 218 S.W.2d 37, 39–40 (1949); *Chase v. Weinberg,* 249 Ky. 518, 60 S.W.2d 1000, 1003–04 (1933); *Provident Life & Accident Ins. Co. v. Ramsey,* 256 Ky. 126, 75 S.W.2d 781, 784 (1934); *Johnson v. Baker,* 246 Ky. 604, 55 S.W.2d 404, 406 (1932); *Brashears v. Combs,* 192 S.W. 482, 485 (Ky.1917); *see also Pilon v. University of Minnesota,* 710 F.2d 466, 467–68 (8th Cir.1983); 66 Am. Jur.2d, *supra,* §§ 15, 18; 54 Am.Jur.2d, *supra,* §§ 8–10. Plaintiff raises no allegations of fraudulent conduct on the part of defendant or defendant's attorney, nor is any such fraud apparent from the record. Therefore, plaintiff fails to establish any ground that would warrant precluding application of the release in this case. Accordingly, for the reasons set forth above, the court's order entering summary judgment in favor of defendant should stand

and this action should and will be dismissed with prejudice.

Because the agreement is unambiguous and plaintiff admits she knew of the presence of the disease and suspected that her husband had transmitted it to her, it is unnecessary to consider the other parole evidence proffered by the parties.

A separate Judgment shall enter concurrently herewith dismissing the complaint.

IT IS SO ORDERED.