Mary PRICE, Appellant,

v.

Samuel Ray GODBY and Samuel Ray Godby Realty and Auction Company, Appellees.

and

Mary Price, Appellant,

v.

Melvin R. Childers and Anna Childers, Appellees.

Nos. 2007–CA–001347–MR, 2007–CA–001600–MR.

Court of Appeals of Kentucky.

Sept. 5, 2008.

Robert E. Norfleet, Somerset, KY, for appellant.

John S. Gillum, Somerset, KY, for appellee, Samuel Ray Godby and Samuel Ray Godby Realty & Auction Company.

John G. Prather, Jr., Winter R. Huff, Somerset, KY, for appellees, Melvin R. Childers and Anna Childers.

Before DIXON, NICKELL, and STUMBO, Judges.

## OPINION

STUMBO, Judge.

Mary Price (hereinafter Appellant) appeals the orders of summary judgment granted in favor of Samuel Godby and his realty company (hereinafter Godby collectively) and Melvin and Anna Childers. Because the orders stem from the same case, we will resolve both appeals in a single opinion. Appellant argues that summary judgment was improperly granted and asks that we reverse. Additionally, she requests that a deed be reformed to show the intent of the parties (which is the underlying issue in this case). We find that there is a genuine issue of material fact in regard to the Godby summary judgment; that the Childers are not entitled to summary judgment as a matter of law; and that Appellant is entitled to have the deed reformed.

On March 7, 2003, Appellant entered into an auction sales contract with Godby wherein he would sell at auction Appellant's forty-acre farm in Pulaski County,

Kentucky. At the time of the initial contract, all the property was to be sold except some dairy equipment located on it. Godby was to receive six percent commission. The sale was scheduled for May 10, 2003.

After signing the initial contract, but prior to the auction, Appellant decided to reserve from sale the house located on the property. Godby accepted this and noted the reservation in the written auction instructions. The reservation of the house and dairy equipment was also announced at the auction.

At the auction, the Childers purchased the property upon which the house was located. Appellant orally agreed to have the house moved off the property within 60 days.

Godby then had a deed prepared which conveyed the land from Appellant to the Childers. The deed was signed by Appellant on or about June 10, 2003. However, the deed was silent as to the reservation of the house. Around the same time, Godby gave Appellant a closing statement setting forth the outcome of the auction, i.e., how much the land was sold for, how much money was spent on expenses and to pay off liens on the property, and how much money Appellant was ultimately going to receive. Additionally, the statement contained a statement which released Godby from any future claims arising from the transaction. Appellant was directed to sign the closing statement as an acknowledgement that she received it.

Appellant had trouble finding someone to move the house off the property and entered into a lease agreement with the Childers to rent the land until she could get the house moved. Appellant missed some rent payments and the Childers moved to evict her from the land by filing a forcible detainer action against her. The day of the hearing of the detainer action, the house burned down.

Appellant had the house insured by Shelter Mutual Insurance, another party in the underlying cause of action. However, because the deed did not reserve the house for Appellant, the insurance company denied her coverage. Appellant then filed suit against Godby for negligence, against the Childers for reformation of the deed, and against Shelter Mutual Insurance for breach of contract.

After discovery was taken, all parties filed summary judgment motions. Summary judgment was denied for Shelter Mutual Insurance and Appellant, but granted for Godby and the Childers. This appeal followed.

Godby's motion for summary judgment argued that he was released from all liability due to the release language in the closing statement. Appellant responded arguing that the waiver of liability language was never bargained for and that no consideration was given in exchange for the waiver. The lower court granted the summary judgment finding that Appellant signed the closing statement and that exempting the house from the auction was additional consideration for the waiver.

The Childers' motion for summary judgment argued that Appellant lost her interest in the house because she failed to move it within a reasonable time. Also, because the deed did not mention the reservation of the house, the merger doctrine merged all oral agreements into the deed and the deed was controlling, which made the house property of the Childers. Appellant argued that there was a mutual mistake in the deed because all parties knew the house was not part of the sale and that the merger doctrine does not apply when the parties do not intend it to, as is the case with mutual mistake. The lower court found Appellant lost interest in her house

when she did not move the house within a reasonable period of time, that the merger doctrine made the language in the deed controlling, and that there was no genuine issue of material fact regarding the mutual mistake.

After a review of the arguments and the record, we conclude that the lower court wrongly granted the summary judgments and reverse.

> The standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law. Kentucky Rules of Civil Procedure (CR) 56.03.... "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.,* Ky., 807 S.W.2d 476, 480 (1991). Summary "judgment is only proper where the movant shows that the adverse party could not prevail under any circumstances." *Steelvest,* 807 S.W.2d at 480, *citing Paintsville Hospital Co. v. Rose,* Ky., 683 S.W.2d 255 (1985). Consequently, summary judgment must be granted "[o]nly when it appears impossible for the nonmoving party to produce evidence at trial warranting a judgment in his favor...." *Huddleston v. Hughes,* Ky.App., 843 S.W.2d 901, 903 (1992).

*Scifres v. Kraft,* 916 S.W.2d 779, 781 (Ky. App.1996).

■ We will first address Godby's summary judgment. As stated above, the lower court granted summary judgment because it found that the reservation of the house was consideration for the release. However, we find that this issue is not ripe for summary judgment. Viewing it in the light most favorable to Appellant, it could

easily be determined that this additional term was not bargained for in exchange for the release. It could appear that the reservation of the house was an additional term to the realty contract, which did not contain the release language. Once Appellant informed Godby she wanted to reserve the house, he could have either insisted that the original contract terms be followed or rescinded the contract. Godby instead chose to follow through with the auction and sold Appellant's land while reserving the house. A jury could find that once the land was sold, the original contract was finished and the release could be considered separate from the underlying transaction, therefore requiring additional consideration in exchange for it.

■ "When an instrument is clearly within the understanding of the parties, one who for a *valuable consideration* signs without reading and without inducement either to sign or not to read, cannot shelter under a claim of mistake...." *Trevathan v. Tesseneer,* 519 S.W.2d 614, 615 (Ky. 1975) (Emphasis added); *see also Brown v. Kentucky Lottery Corp.,* 891 S.W.2d 90 (Ky.App.1995). We find that there is still a genuine issue of material fact in this case. It is not clear whether the reservation of the house from the sale is consideration for the release or merely an additional term to the underlying contract. We therefore reverse the summary judgment.

■ As for the summary judgment granted to the Childers, we must reverse as well. As stated above, the trial court found summary judgment appropriate for the Childers because Appellant lost her interest in the house after failing to move it in a reasonable time and that the merger doctrine negated any agreement to reserve the house from the sale. We find that this is incorrect as a matter of law and hold that summary judgment should have been

granted in favor of Appellant and not the Childers as all parties admitted the house was to remain the property of Appellant.

Contrary to the holding of the trial court, we find that Appellant did not lose her interest in the house after failing to move it within the agreed sixty-day period. Appellant and the Childers entered into a lease agreement that would allow Appellant to continue living on the land until she could remove her house. This waived the sixty-day requirement.

■ The Childers claim that the lease agreement was not open ended, but was for a reasonable amount of time only. It was not until January 2005 that Melvin Childers sent a letter to Appellant asking her to vacate the property. This terminated the lease agreement. Appellant did not leave the property and a Forcible Detainer Complaint was filed in August 2005. Once Appellant stopped paying rent, the Childers rightfully sought to evict her. However, the trial court finding that she lost her interest in the house was erroneous. A house becomes personal property, and not part of the real estate, if the owner of the house does not own the land it is situated on. *Columbia Gas of Kentucky, Inc. v. Maynard,* 532 S.W.2d 3 (Ky.1975). All parties agree that Appellant intended to retain her ownership of the house. Absent evidence that she abandoned this property, the Childers' only remedies were that of a landlord: to sue for damages and back rent. Restatement (Second) of Torts, § 12(1) 1977; Ky. OAG 82–553.

■ "[R]eformation of a deed may be granted only if the mistake is mutual ... the evidence is clear, convincing and beyond reasonable controversy, and it is shown that the parties had actually agreed upon terms different from those appearing in the written instrument." *Pressley v. Morton,* 325 S.W.2d 81, 83 (Ky.1959). Here, all parties admitted that the house was to be exempt from the auction. When the Childers purchased the land, they knew that Appellant was going to keep the house. The exemption of the house should have been included in the deed because both Appellant and the Childers agreed to it.

■ The trial court found that "[t]he merger doctrine holds that all prior statements and agreements, both written and oral, are merged into the deed and the parties are bound by that instrument." *Borden v. Litchford,* 619 S.W.2d 715, 717 (Ky.App.1981). However, "[t]he exceptions to the merger doctrine are fraud, mistake, or contractual agreement clearly not intended to be merged into the deed." *Harrodsburg Indus. Warehousing, Inc. v. MIGS, LLC,* 182 S.W.3d 529, 532 (Ky.App. 2005). It is clear that Appellant and the Childers intended the house to be exempt from the sale and this exemption should have been referenced in the deed. Since there was a mutual mistake, the merger doctrine does not apply and reformation is in order.

Accordingly, we reverse the summary judgments granted in favor of Godby and the Childers and remand this case back to the trial court for an order reforming the deed to exclude the house.

ALL CONCUR.